# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
CHARMAINE GRAHAM and              *     No. 12-144V
BRANDON GRAHAM, as the            *     Special Master Christian J. Moran
Parents and Natural Guardians of  *
K.G., an Infant,                  *
                                  *
                  Petitioners,    *     Filed: March 11, 2014
                                  *     Reissued as Redacted:  March 31, 2014
v.                                *
                                  *
SECRETARY OF HEALTH               *     Stipulation; influenza vaccine;
AND HUMAN SERVICES,               *     narcolepsy.
                                  *
                  Respondent.     *
* * * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Englewood, NJ, for Petitioner;
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On March 7, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Charmaine and Brandon Graham on behalf of their son, K.G., on March 2, 2012. In their petition, the Grahams alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which K.G. received on October 14, 2009, caused him to suffer narcolepsy. Petitioners further allege that K.G. suffered the residual effects of his injury for more than six months. Petitioners represents that there has been no prior award or settlement of a civil action for damages on K.G.'s behalf as a result of his condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that K.G.'s narcolepsy or any other injuries were caused-in-fact by his October 14, 2009, influenza vaccination; denies that his current disabilities are sequelae of his alleged injury; and denies that he experienced the residual effects of this injury for more than six months.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **a lump sum payment of $28,186.41, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners and:**

> **Commonwealth of Virginia**
> **Department of Medical Assistance Services**
> **Accounts Receivable Units TPLC, 8th Floor**
> **600 East Broad Street**
> **Richmond, VA 23219.**

**Petitioners agree to endorse this payment to the Commonwealth of Virginia, Department of Medical Assistance Services; and**

b. **a lump sum of $142,441.31, in the form of a check payable to petitioners, Charmaine and Brandon Graham, as guardians/conservators of K.G.'s estate. 42 U.S.C. § 300aa-15(a)(l)(B). This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-144V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
                                    )
CHARMAINE GRAHAM and BRANDON        )
GRAHAM, as the parents and natural  )
guardians of ▮▮▮▮▮▮▮▮▮, an infant,  )
                                    )
           Petitioners,             )
    v.                              )    No. 12-144V
                                    )    Special Master Christian J. Moran
SECRETARY OF HEALTH AND             )    ECF
HUMAN SERVICES                      )
                                    )
           Respondent.              )
                                    )
```

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, ▮▮▮▮▮▮▮▮▮▮▮, petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to ▮▮▮'s receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. ▮▮▮ received influenza and hepatitis A vaccinations on October 14, 2009.

3. The vaccines were administered within the United States.

4. Petitioners allege that ▮▮▮ contracted narcolepsy as a result of his influenza vaccination. They further allege that ▮▮▮ experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action

1

for damages on behalf of ▮ as a result of his condition.

6. Respondent denies that ▮'s narcolepsy or any other injuries were caused-in-fact by his October 14, 2009, influenza vaccination; denies that his current disabilities are sequelae of his alleged injury; and denies that he experienced the residual effects of this injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. a lump sum payment of $28,186.41, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners and:

        Commonwealth of Virginia
        Department of Medical Assistance Services
        Accounts Receivable Units TPLC, 8th Floor
        600 East Broad Street
        Richmond, VA 23219.

Petitioners agree to endorse this payment to the Commonwealth of Virginia, Department of Medical Assistance Services; and

    b. a lump sum of $142,441.31, in the form of a check payable to petitioners, Charmaine and Brandon Graham, as guardians/conservators of ▮'s estate. 42 U.S.C. § 300aa-15(a)(1)(B). This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

2

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit the further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for attorneys' fees and costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of ■ as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of ■'s estate under the laws of the State of Virginia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as

3

guardians of ▇'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of ▇ at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of ▇ upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of ▇, on behalf of themselves, ▇, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ▇ resulting from, or alleged to have resulted from, the influenza and hepatitis A vaccinations administered on October 14, 2009, as alleged by petitioners in a petition for vaccine compensation filed on or about March 2, 2012, in the United States Court of Federal Claims as petition No. 12-144V.

15. If ▇ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

4

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that influenza and hepatitis A vaccines caused ▆▆▆'s narcolepsy, or any other injury, or that his current disabilities are sequelae of his alleged injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of ▆▆▆ Graham.

END OF STIPULATION

/

/

/

/

/

5

Respectfully submitted,

**PETITIONERS:**

_____  
CHARMAINE GRAHAM

_____  
BRANDON GRAHAM

**ATTORNEY OF RECORD FOR PETITIONERS:**

_____  
MARK T. SADAKA  
Counsel of Record for Petitioners  
20 North Van Brunt Street, Suite 4  
Englewood, NJ 07631  
(201) 266-5670

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____  
VINCENT J. MATANOSKI  
Deputy Director  
Torts Branch  
Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_____  
VITO CASERTA, M.D., M.P.H.  
Acting Director, Division of Vaccine Injury Compensation (DVIC)  
Director, Countermeasures Injury Compensation Program (CICP)  
Healthcare Systems Bureau  
U.S. Department of Health and Human Services  
5600 Fishers Lane  
Parklawn Building, Mail Stop 11C-26  
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____  
HEATHER L. PEARLMAN  
Senior Trial Attorney  
Torts Branch  
Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, DC 20044-0146  
(202) 353-2699

Dated: 03/07/14